**INQUIRY COMMISSION, Movant,**

v.

**Barbara E. YEAGER, KBA Member No. 84058, Respondent.**

**No. 2010–SC–000514–KB.**

Supreme Court of Kentucky.

Oct. 21, 2010.

### OPINION AND ORDER

Pursuant to SCR 3.165(1)(a) and (d), the Inquiry Commission petitions this Court to enter an order temporarily suspending the Respondent, Barbara E. Yeager, whose bar roster address is 104 Court Square, P.O. Box 601, Barbourville, Kentucky 40906, from the practice of law in the Commonwealth of Kentucky. In its petition, the Inquiry Commission contends that there exists probable cause that Yeager has misappropriated funds held for others or has otherwise handled said funds in an inappropriate manner. The Inquiry Commission further contends that there is probable cause to believe that Yeager is mentally disabled and lacks the physical or mental fitness necessary to continue practicing law.

In its petition, the Inquiry Commission states that it has received three complaints against Yeager. In two of the complaints, a former client alleges that he paid funds to Yeager and services were never rendered. In the third complaint, a former client alleges that Yeager failed to return the entirety of funds held in an escrow account. Yeager's son has responded to the complaints against his mother and has provided evidence of a serious health crisis. The evidence documents a rapid onset of confusion and memory loss and a level of dementia.

Following an examination of the Inquiry Commission's petition, the supporting documents attached to said petition, and the response submitted by Yeager's son, this

Court finds probable cause, as set forth in SCR 3.165(a), to believe that Yeager has misappropriated client funds or has otherwise dealt improperly with such funds. Furthermore, this Court concludes that probable cause exists to believe that Yeager does not currently possess the requisite mental fitness essential to the practice of law. SCR 3.165(1)(d).

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Barbara E. Yeager, KBA Member No. 84058, is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective the date of this order and until superseded by subsequent order of this Court.

2. The Inquiry Commission shall commence disciplinary proceedings against Yeager pursuant to SCR 3.160, unless already begun or unless Yeager resigns under terms of disbarment.

3. Within twenty (20) days from the date of the entry of the order of temporary suspension, Yeager shall notify all clients in writing of her inability to continue to represent them and shall furnish copies of all such letters of notice to the Director of the KBA. SCR 3.166(5).

4. Upon the issuance of an order of temporary suspension, Yeager shall immediately, to the extent possible, cancel and cease any advertising activities in which she is engaged, and remove her name from any firm with which she may be associated. SCR 3.166(6).

All sitting. All concur.

ENTERED: October 21, 2010.

/s/ John D. Minton, Jr.

Chief Justice